_____

No. 94-2816SD
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *  On Remand from the
                                   *  Supreme Court of
                                   *  the United States.
Richard Estrada,                   *
also known as Taco Estrada,        *
                                   *
          Appellant.               *


                            _____

               Submitted:  March 4, 1996

                  Filed:  June 4, 1996
                            _____

Before RICHARD S. ARNOLD, Chief Judge, FAGG, Circuit Judge, and WILSON,[*]
     District Judge.
                            _____

WILSON, District Judge.


     Defendant/appellant Richard Estrada ("Estrada") was convicted
in the United States District Court, District of South Dakota, of
conspiracy to distribute controlled substances, a violation of 21
U.S.C. § 846, and using or carrying a firearm in relation to drug
trafficking, a violation of 18 U.S.C. § 924(c)(1).   Defendant
appealed and this Court affirmed both the conspiracy conviction and
the firearm conviction.  _United States v. Estrada_, 45 F.3d 1215
(8th Cir. 1995).  After the decision was rendered in this case, the

_____

     *The Hon. William R. Wilson, Jr., United States District Judge
for the Eastern District of Arkansas, sitting by designation.

United States Supreme Court decided *Bailey v. United States*, 516 U.S. ____, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Estrada appealed this Court's decision and the United States Supreme Court granted writ of certiorari. The Supreme Court vacated this Court's judgment and remanded the case for further consideration in light of its recent holding in *Bailey, supra. Estrada v. United States*, ____ U.S. ____, 116 S.Ct. 664, 133 L.Ed.2d 516 (1995).

In *Bailey*, the Supreme Court held that to sustain a conviction under 18 U.S.C. § 924(c)(1), the government must present "evidence sufficient to show an active employment of the firearm by the defendant." *Bailey* at 505. The Court further stated that the mere storage of weapons in close proximity to drugs or drug proceeds is insufficient to constitute "active employment." *Bailey* at 508. Additionally, the Court concluded that "[i]f the gun is not disclosed or mentioned by the offender, it is not actively employed, and it is not 'used'." *Id.*

As this Court noted in its prior decision, a Mach 10 and a .22 caliber revolver were found in co-conspirator Dosset's bedroom. A partially loaded magazine for the Mach 10 was found within five to seven feet from the bed in Dosset's bedroom. There was no evidence at trial suggesting that Estrada "actively employed" the firearms as that phrase has been defined by *Bailey, supra*. Absent such evidence, a conviction under 18 U.S.C. § 924(c)(1) cannot be sustained.

In light of the Supreme Court's holding in *Bailey*, Estrada's conviction for using or carrying a firearm in relation to drug trafficking is reversed for lack of evidence and the case is remanded to the district court for resentencing on the remaining count. Estrada's conspiracy conviction, however, is again affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

-2-